UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
McALLEN DIVISION

United States District Court
Southern District Of Texas
FILED

NOV 19 2019

David J. Bradley, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | Criminal No. M-19-2338 |
| JOSE LUIS GONZALEZ GERARDO ANGUIANO | § § § | |
| JOSE ANGUIANO | § § § § § § § | |
| MARIO ORTIZ, JR. | § § | |

### SEALED INDICTMENT

**THE GRAND JURY CHARGES:**

**Introductory Allegations**

1. The Social Security Act of 1935 ("Act") created the federal and state Unemployment Insurance System, which is designed to provide benefits to persons out of work through no fault of their own. The purpose of the Act is to lessen the effects of unemployment through payments made directly to laid-off workers ("claimants"), insuring that at least a significant portion of the necessities of life, most notably food, shelter, and clothing, can be met on a weekly basis while the claimant seeks employment. The Unemployment Insurance ("UI") Program is administered on behalf of the federal government, through the Department of Labor ("DOL"), by state workforce agencies in each state, including the Texas Workforce Commission ("TWC").

2. The DOL is a federal agency that, among other things, provides funding to state agencies for the provision of unemployment benefits.

3. The TWC is an agency of the State of Texas that provides unemployment benefits to qualified participants through the Unemployment Benefits Program.

4. At all times relevant to this Indictment, DOL provided funding to TWC in connection with the UI Program. The UI Program is a federal-state program jointly financed through federal and state employers payroll taxes. In general, employers in the State of Texas must pay both state and federal unemployment taxes. These unemployment taxes provide funding to the DOL that are later used to fund the TWC Unemployment Benefits Program.

## Count One
## **CONSPIRACY TO DEFRAUD THE UNITED STATES**
## (18 U.S.C. § 371)

5. Paragraphs 1 through 4 are incorporated and realleged as if fully set forth here.

6. Beginning in or around August 2008 and continuing through in or around September 2018, in the Southern District of Texas and within the jurisdiction of the Court, defendants,

**JOSE LUIS GONZALEZ**
**GERARDO ANGUIANO**

**JOSE ANGUIANO**

**MARIO ORTIZ, JR.**

and others known and unknown to the Grand Jury, knowingly agreed and conspired with one another to commit offenses against the United States, including theft of government money in

violation of Title 18, United States Code, Section 641, and to defraud the United States and agencies thereof, namely the Department of Labor.

In violation of Title 18, United States Code, Section 371.

### OBJECT OF THE CONSPIRACY

It was a purpose of the conspiracy that **Defendants** and other co-conspirators, known and unknown to the Grand Jury, to unlawfully enrich themselves by submitting false and fictitious claims to the TWC Unemployment Benefits Program.

### MANNER AND MEANS OF THE CONSPIRACY

7. The manner and means by which **Defendants** and other co-conspirators sought to accomplish the object of the conspiracy included, but were not limited to, the following:

   a. **JOSE LUIS GONZALEZ** created, or caused to be created, numerous false and fictitious businesses, including but not limited to Garza's Welding Service, Garza Welding Services, Garza Welding, Garza Welding Service, Gonzalez Landscaping & Fencing, and Cantu's Construction (the "Fictitious Businesses");

   b. **JOSE LUIS GONZALEZ** registered, or caused to be registered, the Fictitious Businesses with the TWC;

   c. Utilizing the Fictitious Businesses, **Defendants** submitted, or caused to be submitted, claims for unemployment benefits falsely and fraudulently representing that such **Defendants** and others were employees of the Fictitious Businesses;

   d. **JOSE LUIS GONZALEZ** gained access to on-line accounts established by the TWC to administer the unemployment benefits for the **Defendants** and other straw employees of the Fictitious Businesses;

   e. After gaining access to the **Defendants** and other straw employees' on-line accounts, **JOSE LUIS GONZALEZ** caused the payment of unemployment benefits to be directed to accounts or addresses associated with the Defendants;

   f. During the course of the conspiracy, **Defendants** and other co-conspirators falsely and fraudulently caused TWC to pay approximately $531,161.00 in unemployment benefits that were misappropriated by **Defendants** and other co-conspirators.

## OVERT ACTS

8. In furtherance of the conspiracy, and to accomplish its object and purpose, the **Defendants** and other co-conspirators committed and caused to be committed, in the Southern District of Texas and elsewhere, the following overt acts:

   a. During the period of the conspiracy, **JOSE LUIS GONZALEZ** created, or caused to be created, numerous false and fictitious businesses, including but not limited to Garza's Welding Service, Garza Welding Services, Garza Welding, Garza Welding Service, and Gonzalez Landscaping & Fencing.

   b. In or around August 2008, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC in relation to beneficiary L.R. that resulted in an approximate amount of $5,239.00 in Unemployment Benefits to be fraudulently appropriated.

   c. In or around February 2009, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.G. that resulted in an approximate amount of $10,192.00 in Unemployment Benefits to be fraudulently appropriated.

   d. In or around May 2010, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary M.G. that resulted in an approximate amount of $2,736.00 in Unemployment Benefits to be fraudulently appropriated.

   e. In or around December 2011, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.M. that resulted in an approximate amount of $7,292.00 in Unemployment Benefits to be fraudulently appropriated.

   f. In or around February 2012, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary S.R. that resulted in an approximate amount of $3,418.00 in Unemployment Benefits to be fraudulently appropriated.

   g. In or around July 2013, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.G. that resulted in an approximate amount of $7,305.00 in Unemployment Benefits to be fraudulently appropriated.

   h. In or around July 2014, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.G.

i. In or around July 2015, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.G. that resulted in an approximate amount of $6,585.00 in Unemployment Benefits to be fraudulently appropriated.

j. In or around October 2016, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary J.M..

k. In or around November 2017, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary I.V. that resulted in an approximate amount of $2,465.00 in Unemployment Benefits to be fraudulently appropriated.

l. In or around April 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a claim for Unemployment Benefits to the TWC in relation to beneficiary L.C. that resulted in an approximate amount of $10,806.00 in Unemployment Benefits to be fraudulently appropriated.

m. In or around July 2018, **JOSE LUIS GONZALEZ** changed, or caused to be changed, the address to which Unemployment Benefits were directed from an address associated with I.P. to an address associated with **JOSE LUIS GONZALEZ.**

n. In or around January 2018, **JOSE LUIS GONZALEZ** changed, or caused to be changed, the address to which Unemployment Benefits were directed from an address associated with J.S. to an address associated with **JOSE LUIS GONZALEZ.**

o. In or around June 3, 2018 and August 26, 2018, **JOSE LUIS GONZALEZ** and **GERARDO ANGUIANO** submitted, or caused to be submitted, fraudulent claims for Unemployment Benefits to the TWC that resulted in an approximate amount of $12,950.00 in Unemployment Benefits to be fraudulently appropriated.

p. In or around April 8, 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC that resulted in an approximate amount of $12,844.00 in Unemployment Benefits to be fraudulently appropriated.

q. In or around June 3, 2018 and August 26, 2018, **JOSE LUIS GONZALEZ** and **JOSE ANGUIANO** submitted, or caused to be submitted, fraudulent claims for Unemployment Benefits to the TWC that resulted in an approximate amount of $11,311.00 in Unemployment Benefits to be fraudulently appropriated.

r. In or around April 8, 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment

Benefits to the TWC that resulted in an approximate amount of $10,806.00 in Unemployment Benefits to be fraudulently appropriated.

s. In or around December 10, 2017, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC that resulted in an approximate amount of $10,549.00 in Unemployment Benefits to be fraudulently appropriated.

t. In or around March 18, 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC that resulted in an approximate amount of $9,431.00 in Unemployment Benefits to be fraudulently appropriated.

u. In or around April 8, 2018 and September 16, 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, fraudulent claims for Unemployment Benefits to the TWC that resulted in an approximate amount of $8,892.00 in Unemployment Benefits to be fraudulently appropriated.

v. In or around July 8, 2018, **JOSE LUIS GONZALEZ** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC that resulted in an approximate amount of $8,271.00 in Unemployment Benefits to be fraudulently appropriated.

w. In or around July 15, 2018, **JOSE LUIS GONZALEZ and MARIO ORTIZ, JR.** submitted, or caused to be submitted, a fraudulent claim for Unemployment Benefits to the TWC that resulted in an approximate amount of $8,211.00 in Unemployment Benefits to be fraudulently appropriated.

In violation of Title 18, United States Code, Section 371.

### Count Two
### THEFT OF PUBLIC MONEY
### (18 U.S.C. § 641)

Beginning in or around July 2015 and continuing through in or around September 2018 in the Southern District of Texas and within the jurisdiction of the Court, defendants,

JOSE LUIS GONZALEZ
GERARDO ANGUIANO

JOSE ANGUIANO

MARIO ORTIZ, JR.

willfully and knowingly did steal, purloin and convert to their use or the use of another, money or thing of value exceeding $1,000, of the goods and property of the United States.

In violation of Title 18, United States Code, Sections 641 and 2.

**Counts 3 through 4**
**AGGRAVATED IDENTITY THEFT**
**(18 U.S.C. § 1028A)**

On or around the dates identified below, within the Southern District of Texas and elsewhere, defendant

**JOSE LUIS GONZALEZ**

during and in relation to a felony violation of 18 U.S.C. § 641 (theft of public money), knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, to wit:

| COUNT | DATE(S) (on or around) | MEANS OF IDENTIFICATION | BELONGING TO |
|---|---|---|---|
| 3 | July 12, 2018 | Social Security Number, Name, Date of Birth & Address | I.P. |
| 4 | December 17, 2017 | Social Security Number, Name, Date of Birth & Address | J.S. |

All in violation of Title 18, United States Code, Section 1028A.

## NOTICE OF FORFEITURE
### 18 U.S.C. § 981(a)(1)(C) & 28 U.S.C. § 2461

1. Upon conviction of a conspiracy to violate Title 18, United States Code, Section 641, in violation of Title 18, United States Code, Section 371, as set forth in Count One of this Indictment or upon conviction of Title 18, United States Code, Section 641 as set forth in Count Two of this Indictment, the defendants shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, any property, real or personal, which constitutes or is derived from proceeds traceable to said the offense, as a result of such violation.

### Money Judgment and Substitute Assets

2. Defendants are notified that a money judgment may be imposed equal to the total value of the property subject to forfeiture.

3. If any of the property described above, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

A TRUE BILL

_____
FOREPERSON

RYAN K. PATRICK
UNITED STATES ATTORNEY

_____
ASSISTANT UNITED STATES ATTORNEY